UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CALVIN RAYMOND JONES,

        Defendant.
_____/

No. 10-20568

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

### ORDER

Before the Court is Defendant Calvin Jones' Motion for Discovery and Brady Material [Doc. #31]. Defendant states in his motion that the Assistant United States Attorney assigned to this case "by email...advised that he concurred in the motion for discovery." *Defendant's Motion*, ¶ 2. The government has not filed a response. The Court having reviewed the Defendant's discovery requests, the motion is GRANTED, under the terms set forth below.

### I.   LEGAL PRINCIPLES RE: CRIMINAL DISCOVERY

As opposed to the broad scope of discovery in civil cases,[1] the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Fed.R.Crim.P. 16; (2) The Jencks Act, 18 U.S.C. §3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir. 1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony.[2]

---

[1] *See* Fed.R.Civ.P. 26(b).

[2] The requirements of Rule 16 are incorporated into this Court's Standing Order for Discovery and Inspection in Criminal Cases, Administrative Order 99-AO-003.

The Jencks Act "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). However, the defendant has a right to production of such statements only after the witness has testified on direct examination. 18 U.S.C. §3500(a).

*Brady v. Maryland* holds that the government violates due process when it fails to disclose evidence favorable to the accused in a criminal case, if the evidence is material to guilt or sentencing. *Id*., at 87. The *Brady* rule extends to evidence which could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence"). Evidence is "material" for purposes of *Brady* and *Giglio* if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). A "reasonable probability," in turn, is "a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. In *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Court held that if the exculpatory evidence "creates a reasonable doubt" as to the defendant's guilt, it is material.

## II.   DISCUSSION

Defendant requests production of his own written or oral statements and his criminal record; the opportunity to inspect and copy or photograph relevant documents in the government's possession[3]; the opportunity to inspect and copy or photograph the reports of physical or mental examinations, or any scientific tests; and a summary of any expert witness testimony. These requests are all covered by Rule 16. If the government has not already produced this material, it shall do so within seven days of the date of this Order.

---

[3] This would include requests for police and fire department photographs, recordings and documents related to the fire investigation.

Defendant also requests prior written and/or oral statements of government witnesses. This material is covered by the Jencks Act, and will be produced within the time frame set forth in 18 U.S.C. § 3500(a).[4]

Finally, Defendant requests production of exculpatory material under *Brady* and *Giglio*. The typical *Brady* issue is retrospective, that is, the court examines the materiality of the non-disclosed evidence in the context of a completed criminal trial which has resulted in a verdict of guilty, to assess the probable effect of the evidence on the verdict. Regarding pretrial *Brady* disclosure, the Sixth Circuit in *Presser* observed that "the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." 844 F.2d at 1281. Indeed, the Supreme Court has stated that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one..." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

However, the Court retains the inherent authority to order the disclosure of *Brady* material prior to or during trial. In *Presser*, the Court held that *Brady* material must be disclosed "in time for its effective use at trial." *Id.*, 844 F.2d at 1283. In *United States v. Hart*, 760 F.Supp. 653, 655 (E.D. Mich. 1991), the Court held:

> "Although...pretrial disclosure of *Brady* material is not required, it is clear that a 'district court has general authority to order pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system.' *United States v. Starusko*, 729 F.2d 256, 261 (3rd Cir. 1984)."

In *Starusko*, cited copiously in *Hart*, the Third Circuit categorically rejected the argument that "it is the government, not the district court, that in the first instance is to decide when to turn over *Brady* material." *Id.*, 729 F.2d at 261.[5] However, pretrial disclosure of *Brady/Giglio* material

---

[4] However, impeachment material as to Co-Defendant Samson Wright will be produced under the terms discussed below.

[5] The Sixth Circuit in *Presser* cited *Starusko,* along with *United States v. Higgs*, 713 F.2d 39 (3rd Cir. 1983), for the proposition that *Brady* material must be disclosed in time for its effective use at trial. *Presser* addressed the situation where evidence which was exculpatory within the meaning of *Brady* and *Giglio* also fell within the scope of the Jencks Act.

that also falls within the scope of the Jencks Act is related to the importance of the witness to the government's case. In *Starusko,* 729 F.2d at 261, the court held that the importance of a government witness was so obvious that it ordered pretrial disclosure of the impeachment material under *Brady* and *Giglio*:

> "Moreover, we find the report to be material. We recognize that, generally, it is difficult to analyze, prior to trial, whether potential impeachment evidence falls within *Brady* without knowing what role a certain witness will play in the government's case. *Agurs*, 427 U.S. at 108, 96 S.Ct. at 2399; *Higgs*, 713 F.2d at 43. *But here, Logan's role is clear. He is the linchpin of the prosecution's case.* It logically follows, therefore, that the second F.B.I. report, which affects his credibility and sheds light on the underlying question of substantive guilt, is material for impeachment purposes. *It is "obviously of such substantial value to the defense that elementary fairness requires it to be disclosed."* *Agurs*, 427 U.S. at 110, 96 S.Ct. at 2401." (Emphasis added).

In the present case, the Defendant seeks *general* pretrial disclosure of impeachment material as to all potential government witnesses. This is an insufficiently particularized request to justify deviating from the Jencks Act. However, Defendant has made a showing of the importance of the testimony of Samson Wright, his Co-Defendant. Thus under *Presser, Hart* and *Starusko*, prior statements or other impeachment material as to Wright must be disclosed to the defense in time for its effective use at trial. While there is no precise formula for determining what that time is, I find that in the context of this case, disclosure one week prior to trial would be sufficient. Therefore, the government shall provide this material to the defense one week prior to trial.[6]

### III.  CONCLUSION

Under the above terms, Defendant's Motion for Discovery and Brady Materials [Doc. #31] is GRANTED.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 9, 2011

---

[6] Trial is currently scheduled for April 26, 2011.

**CERTIFICATE OF SERVICE**

    I hereby certify on February 9, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 9, 2011: **None.**

                                       s/Michael E. Lang
                                       Deputy Clerk to
                                       Magistrate Judge R. Steven Whalen
                                       (313) 234-5217