UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

                            Case No. 10-20568

v.

                            Hon. John Corbett O'Meara

D-1 SAMSON WRIGHT and
D-2 CALVIN RAYMOND JONES,

      Defendants.
_____/

## ORDER GRANTING MOTIONS FOR SEVERANCE

Before the court are Defendants' Samson Wright and Calvin Raymond Jones's motions for severance.  The government has responded that it does not oppose the request and leaves the decision to the court's discretion.

Wright and Jones have been charged with arson.  Wright pleaded guilty; Jones was convicted by a jury.  After both appealed to the Sixth Circuit, the matter was remanded for a new trial for Jones and the court permitted Wright to withdraw his guilty plea.  Both Wright and Jones have moved for separate trials.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge two or more defendants in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or

transactions constituting an offense or offenses."  Rule 14, however, permits relief

from prejudicial joinder as follows:

> If the joinder of offenses and defendants in an
> indictment, an information, or a consolidation for trial
> appears to prejudice a defendant or the government, the
> court may order separate trials of counts, sever the
> defendants' trials, or provide any other relief that justice
> requires.

The United States Supreme Court has advised that "a district court should

grant a severance under Rule 14 only if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the

jury from making a reliable judgment about guilt or innocence."  Zafiro v. United

States, 506 U.S. 534, 539 (1993).

In this case, Jones intends to present a duress defense – that he only

participated in the arson because of his fear of Wright.  Specifically, Jones intends

to present evidence of prior assaults by Wright and of Wright's reputation for

violence, which the Sixth Circuit has held is admissible in Jones's case.  United

States v. Jones, 554 Fed. Appx. 460, 470 (6th Cir. 2014).  Such "impermissible and

highly inflammatory evidence of his bad character" would not be admissible

against Wright if he were tried alone and would be unfairly prejudicial.  See United

States v. Breinig, 70 F.3d 850, 853 (6th Cir. 1995).  Accordingly, under these

circumstances, the court finds that severance is appropriate.

-2-

THEREFORE, IT IS HEREBY ORDERED that Defendants' motions for severance (Docket Nos. 139 and 141) are GRANTED.


                                        s/John Corbett O'Meara
                                        United States District Judge
Date:  July 3, 2014




        I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 3, 2014, using the ECF system.


                                        s/William Barkholz
                                        Case Manager