UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 10-20568
                                                Hon. Mark A. Goldsmith

vs.

SAMSON WRIGHT,

        Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT SAMSON WRIGHT'S MOTION FOR COMPASSIONATE
RELEASE (Dkt. 239) WITHOUT PREJUDICE**

This matter is before the Court on Samson Wright's motion for compassionate release (Dkt. 239). Because Wright's admits that he has not exhausted his administrative remedies in his motion, his motion must be denied without prejudice for failure to exhaust his administrative remedies.

Wright seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction

. . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Wright admits that he has not exhausted his administrative remedies. Mot. at 3. Therefore, in light of the Sixth Circuit's clear instruction on this issue, Wright's motion (Dkt. 239) must be dismissed without prejudice.

SO ORDERED.

Dated: September 24, 2020       s/Mark A. Goldsmith
   Detroit, Michigan               MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2020.

                                                                            s/Karri Sandusky
                                                                            Case Manager